**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4563**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SAMARIA NORRIS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, District Judge.  (CR-02-1171)

———————

Submitted:  June 15, 2005          Decided:  July 13, 2005

———————

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

Jack B. Swerling, LAW OFFICES OF JACK B. SWERLING, Columbia, South Carolina, for Appellant.  J. Strom Thurmond, Jr., United States Attorney, Marshall Prince, Assistant United States Attorney, Jimmie C. Ewing, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Samaria Norris was convicted by a jury of conspiracy to commit bank robbery, in violation of 18 U.S.C. §§ 371, 2113(a) (2000) (Count One); bank robbery, in violation of 18 U.S.C. § 2113 (a) (2000) (Count Four); two counts of making a false statement to a law enforcement officers, in violation of 18 U.S.C. § 1001 (2000) (Counts Five and Six); and structuring transactions to evade reporting requirements, in violation of 31 U.S.C. §§ 5324(a)(3), (d)(1) (2000) (Count Seven).[1] She was sentenced to 60 months' imprisonment each on Counts One, Five, Six, and Seven, and 136 months' imprisonment on Count Four, all to run concurrently, three years' supervised release, and restitution in the amount of $121,125. Norris appeals her conviction and sentence.

Norris contends that the trial court erroneously allowed the Government to strike an African-American juror, in violation of Batson v. Kentucky, 476 U.S. 79 (1986). Great deference is given to a district court's determination of whether a peremptory challenge was based on a discriminatory motive, and the court's ruling is reviewed for clear error. Jones v. Plaster, 57 F.3d 417, 421 (4th Cir. 1995). Generally, a Batson challenge consists of three steps: (1) the defendant makes a prima facie case; (2) the

---

[1]Norris was indicted on nine counts stemming from bank robberies in September 2000 and July 2001. Norris was found guilty of the five counts related to the July 2001 robbery, but was acquitted of the remaining four counts related to the September 2000 robbery or to passing counterfeit currency.

Government offers a race neutral explanation; and (3) the trial court decides whether the defendant has carried her burden and proved purposeful discrimination. United States v. Barnette, 211 F.3d 803, 812 (4th Cir. 2000). "Once a prosecutor has offered a race-neutral explanation for the peremptory challenges and the trial court has ruled on the ultimate question of intentional discrimination, the preliminary issue of whether the defendant had made a prima facie showing becomes moot." Hernandez v. New York, 500 U.S. 352, 359 (1991). "At this step of the inquiry, the issue is the facial validity of the prosecutor's explanation. Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." Id. at 360.

The Government's proffered explanation was that it struck the juror in question based on its belief that he might be biased as a result of his brother's pending criminal charge. No empaneled juror had a pending criminal charge or family member with a pending criminal charge. Accordingly, the Government's explanation satisfies this second step. Turning to the third step in the inquiry, we review only for clear error the trial court's finding that Norris failed to carry her burden to prove purposeful discrimination. Jones v. Plaster, 57 F.3d 417, 421 (4th Cir. 1995). Norris offered no evidence of racial motivation. Based on our review of the record in this case, the district court did not clearly err in denying Norris' Batson motion.

- 3 -

Norris next argues that the trial court erred by disallowing her to question the government's witness, Sherry Kinley, concerning Kinley's possible involvement in a prior unrelated robbery, in order to challenge her credibility. Norris claims, through conclusory and unsupported allegations, that under Fed. R. Evid. 404(b), evidence of Kinley's involvement in a prior robbery would somehow have negated Norris' guilt. A district court's exclusion of evidence under the Federal Rules of Evidence is reviewed for an abuse of discretion. See United States v. Francisco, 35 F.3d 116, 118 (4th Cir. 1994). The district court's evidentiary rulings will not be reversed unless they are "arbitrary or irrational." See United States v. Powers, 59 F.3d 1460, 1464 (4th Cir. 1995). After careful review of the record, we conclude that the district court did not abuse its discretion in excluding the proffered evidence.

Norris also appeals her sentence, arguing the district court erred in applying enhancements to her sentence based on facts found by the court and not by the jury in violation of Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005). Because Norris did not object to her sentence in the district court based on Blakely or Booker, our review is for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). To demonstrate plain error, Norris must establish that error occurred, that it was plain, and that it

affected her substantial rights.  Id. at 547-48.  If a defendant establishes these requirements, the Court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  Id. at 555 (internal quotation marks and citation omitted).

In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750.  The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C. §§ 3553(b)(1), 3742(e) (West 2000 & Supp. 2004), thereby making the guidelines advisory.  Hughes, 401 F.3d at 546.

In this case, the district court increased Norris' base offense level from twenty to thirty-two based on several enhancements.  Some of these enhancements were appropriately based on facts found by the jury—for example, a two-level enhancement was applied for taking money from a financial institution, which was based on the jury finding Norris guilty of taking "monies belonging to SouthTrust Bank and insured by the Federal Deposit Insurance Corporation."  However, some of the enhancements were based on facts not found by the jury or admitted by Norris.  For example,

the jury did not find that the robbery involved a threat of death or physical restraint of an individual, each of which resulted in a two-level enhancement based on the district court's factual findings.

Without the enhancements based on judge found facts, Norris' total combined offense level for all counts would be 24, placing her guideline range at 51 to 63 months in prison. The court's calculation at sentencing gave Norris a sentencing range of 121 to 151 months in prison. Norris' 136-month sentence thus exceeded the sentence that could have been imposed based only on the facts found by the jury.[2] Accordingly, Because Norris' sentence was the result of the Sixth Amendment violation, we conclude that her substantial rights were affected. Therefore, in light of Booker and Hughes, we vacate the sentence and remand the case for resentencing consistent with Booker and Hughes.

Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the

---

[2]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Norris' sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

Guidelines, making all factual findings appropriate for that determination. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (applying Booker on plain error review). The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47.

In sum, while we affirm the convictions, we vacate Norris' sentence and remand the case for resentencing consistent with Booker and Hughes. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED